# United States Tax Court

T.C. Summary Opinion 2026-1

LUKE GIBSON AND BREEANA GIBSON,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

––––––––––

Docket No. 17305-23S.                    Filed January 6, 2026.

––––––––––

Luke Gibson and Breeana Gibson, pro sese.

*Monica D. Polo*, *John F. Patton*, and *Michael W. Brown*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

After concessions,[2] the sole remaining issue for decision is whether petitioners are entitled to deduct $188,563 for noncash

––––––––––

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties signed and filed a Stipulation of Settled Issues agreeing to the following items: (1) an adjustment to cash contributions of $2,019 rather than the $7,194 in the Notice of Deficiency, (2) a general business credit of $74,280, and (3) additional unreported income of $86,626 that should have been reported on

charitable contributions for 2019. The Court concludes petitioners are not entitled to that deduction.

*Background*

Some of the facts have been stipulated and are so found. The parties filed a Stipulation of Facts consisting of paragraphs 1 through 9 and Exhibit1-J, Exhibit 2-J, and Exhibits 3-P through 6-P. Respondent objected to entering stipulated paragraphs 5, 7, and 9 and Exhibits 3-P, 4-P, and 6-P into the record on the grounds of hearsay and failure to comply with Rule 143(g). Respondent objected to entering stipulated paragraph 8 and Exhibit 5-P into the record on the grounds of hearsay and failure to comply with Federal Rule of Evidence 901. The Court sustained respondent's objections to paragraphs 5, 7, and 8 and Exhibits 3-P, 4-P, and 5-P but overruled respondent's objection as to paragraph 9 and Exhibit 6-P. Stipulated paragraphs 1, 2, 3, 4, 6, and 9 and Exhibits 1-J, 2-J, and 6-P are incorporated herein by this reference.

Petitioners resided in California when the Petition was filed.

I.      *2019 Tax Return*

Petitioners timely filed their joint Form 1040, U.S. Individual Income Tax Return, for the tax year 2019. Petitioners deducted $194,273 in gifts to charity other than by cash or check on line 12 of Schedule A, Itemized Deductions, attached to their tax return, which equaled the amount they reported on Form 8283 for their noncash charitable contributions.

On Form 8283, Noncash Charitable Contributions, attached to their tax return, petitioners listed "high end cycling EQ apparel" that was acquired by gift, that the "Donor's cost or adjusted basis" was $251,417, and that the fair market value of the items was $188,563. Petitioners also listed "paintball guns ammo masks" and "appliances baby furn equi 3 yds decompressed granite misc," with donor's cost or adjusted basis of $10,220 and $3,500 respectively, and fair market value of $4,810 and $900, respectively. On Part I of the Form 8283 with respect to the "high end cycling EQ apparel" petitioners listed "Appraisal" under the method used to determine its fair market value, but they did not file any appraisal with their tax return. Petitioners

---

Schedule E, Supplemental Income and Loss. All other adjustments besides the one that remains at issue are computational.

listed "Thrift Shop Value" as the method used to determine the fair market value of the other items.

II. *Examination*

The Internal Revenue Service (IRS)[3] examined petitioners' 2019 tax return. During the examination, in May 2022 petitioners[4] submitted Form 1040X, Amended U.S. Individual Income Tax Return, to the IRS that included an amended Form 8283. Attached to the amended return was a receipt from Hiway 80 Rescue Mission Ministry, the charitable organization to which petitioners donated the noncash property, dated March 26, 2019, and the receipt included an itemized list of the donated items. The IRS did not accept the amended tax return.

Part III of the amended Form 8283, entitled Declaration of Appraiser, was signed by Eugene H. Ruelle and dated July 1, 2019. Attached to the Form 8283 was a report by Mr. Ruelle dated March 26, 2019, that indicated it was prepared for Luke Gibson. The report indicates that Mr. Ruelle determined the fair market value of the items as of March 26, 2019, the date that the items were donated to Hiway 80 Rescue Mission Ministry, and that the fair market value was $188,562.50. The appraisal does not indicate petitioner Luke Gibson's basis in the property when he acquired it.

After the examination the IRS issued petitioners a Notice of Deficiency dated July 18, 2023. The IRS determined that $5,710 of the claimed deduction for noncash charitable contributions was allowed (the amount from "paintball guns ammo masks" and "appliances baby furn equi 3 yds decompressed granite misc"), but none of the noncash charitable contribution of $188,563 related to the "high end cycling EQ apparel" was deductible. With respect to the disallowed noncash charitable deduction at issue, the Notice of Deficiency included the following explanation:

> A deduction for a contribution of property to a qualifying organization is measured by the fair market value of the property at the time the gift is made. The attached

---

[3] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

[4] At calendar call petitioner Luke Gibson stated on the record that his wife, who was not present, had agreed to allow him to speak for her.

computation shows the value determined for the donated property.

Your contribution of property (which, if sold on the date contributed, would have resulted in ordinary income or short-term capital gain) is deductible to the extent shown in the attached computation.

Since the donated property consisted of inventory items, the deduction is limited to your cost.

You are required to substantiate each reported contribution. Since you did not substantiate all contributions reported, we adjusted your deduction to the amount verified or determined reasonable based on all available information.

The amount shown on your return as a deduction for charitable contributions is not allowable in full because it has not been established that the total amount was paid during the tax year or that the unallowable items meet the requirements of Section 170 of the Internal Revenue Code.

. . . .

To be allowed a deduction for property as a contribution, you must show (a) the name and address of the qualifying organization(s), (b) provide a list of what was donated, and (c) show the fair market value of each item on the date of contribution. Since you have not met these requirements, we have adjusted the amount as shown.

*Discussion*

I. *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Under section 7491(a), the burden

of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioners have not argued or established that section 7491(a) applies, and therefore the burden of proof remains with them.

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* I.R.C. § 6001; Treas. Reg. § 1.6001-1(a). Such records must substantiate both the amount and purpose of the related expense. *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

II.    *Noncash Charitable Deduction*

A taxpayer may deduct charitable contributions made during a taxable year. I.R.C. § 170(a)(1). However, deductions for charitable contributions are allowed only if the taxpayer satisfies statutory and regulatory substantiation requirements. *See id.*; Treas. Reg. § 1.170A-13. There may be additional substantiation requirements depending on the type and size of the contribution and on whether the contribution is a gift of cash or property.

Noncash charitable contributions must be evidenced by a receipt from the donee organization. *See* Treas. Reg. § 1.170A-13(b)(1). The receipt must show (1) the name of the donee organization; (2) the date and location of the contribution; and (3) the property description in detail reasonably sufficient under the circumstances. *Id.* A receipt is not required if the contribution is made in circumstances where it is impractical to obtain a receipt. *See id.* The reliability of the records is determined on the basis of all of the relevant facts and circumstances. *See id.* subpara. (2). Treasury Regulation § 1.170A-13(b)(1)(iii) further provides that "[a]lthough the fair market value of the property is one of the circumstances to be taken into account in determining the amount of detail to be included on the receipt, such value need not be stated on the receipt."

If the donation is a small amount, any written or other evidence from the donee charitable organization acknowledging receipt is generally sufficient. *See id.* para. (a)(2)(i)(C). Nevertheless,

contributions of $250 or more require a contemporaneous donee written acknowledgment containing specified information. *See* I.R.C. § 170(f)(8); Treas. Reg. § 1.170A-13(f). Furthermore, additional information is required to support a deduction exceeding $500 for a charitable contribution of property. Specifically, the taxpayer must also maintain written records establishing (1) the item's manner of acquisition as well as either the item's approximate date of acquisition or the approximate date the property was substantially completed and (2) the cost or other basis, adjusted as provided by section 1016, of property donated by the taxpayer during the taxable year. *See* I.R.C. § 170(f)(11)(A)(i), (B); Treas. Reg. § 1.170A-13(b)(3)(i). If the deduction for a charitable contribution of property exceeds $5,000, the taxpayer is required to (1) obtain a qualified appraisal of the property, (2) attach a copy of the appraisal summary to the tax return, and (3) maintain records containing the information about the property and contribution. *See* I.R.C. § 170(f)(11)(C); Treas. Reg. § 1.170A-13(c).

With the contemporaneous itemized receipt from Hiway 80 Rescue Mission Ministry petitioners met the requirements with respect to contributions of $250 or more. *See* I.R.C. § 170(f)(8); Treas. Reg. § 1.170A-13(f). The parties do not dispute that this organization was a charitable organization under section 170.

However, because the charitable contribution deduction in dispute is $188,563, petitioners are required to meet further substantiation requirements, as discussed above. Petitioners have failed to do so.

Petitioners have failed to meet the requirements under section 170(f)(11)(A)(i) and (B) and Treasury Regulation § 1.170A-13(b)(3)(i) with respect to noncash charitable contributions greater than $500; namely, they have not explained how petitioner Luke Gibson acquired the over 4,000 items of property, the approximate date of acquisition, or the cost or other basis, adjusted as provided by section 1016, of the property donated. Petitioner Luke Gibson's testimony was vague as to whom he received the donated property from as a gift. It was unclear whether he inherited it, or whether the unnamed family member made a gift during their lifetime. Petitioner Luke Gibson asserted that it was impossible to get the value of the property in the hands of the family member; yet when asked by the Court to explain why it would be impossible, he said because it was a gift. To claim a deduction for property the value of which exceeds $500 the law requires detailed substantiation of the basis of the property as well as when the property

was acquired. Petitioner Luke Gibson gave confusing testimony and at one point suggested that he thought that the value for claiming a deduction was the fair market value discounted by 25% to 50%. He did not provide any support for this statement.

Further, the record does not confirm that Mr. Ruelle was a qualified appraiser. Thus, petitioners have failed to meet the requirements under section 170(f)(11)(C) and (E) and Treasury Regulation § 1.170A-13(c) with respect to a deduction for a charitable contribution of property exceeding $5,000 in value because they have not proven that Mr. Ruelle was a qualified appraiser.

Accordingly, the Court agrees with respondent that petitioners are not entitled to deduct $188,563 for noncash charitable contributions.

III.    *Conclusion*

The Court has considered all the parties' arguments and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*